# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GULBAG SINGH RATTE, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-739 LJO- JLT<br><br>ORDER TO DEFENDANT HS BROTHERS EXPRESS, INC., TO SHOW CAUSE WHY TERMINATING SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff served HS Brothers Express, Inc. with the summons and complaint on June 10, 2019. (Doc. 9) The service was accomplished by presenting the documents to Harjit Singh, who identifies himself out as the "sole owner" of HS Brothers Express. (*Id.*; Doc. 14 at 1) On July 29, 2019, Mr. Singh filed his answer to the complaint pro se and it appears he believed he was responding for the corporation as well. (*See* Doc. 14 at 1)

On August 19, 2019, the Court held a scheduling conference with the parties, and explained an entity such as HS Brothers Express, Inc. must appear through counsel. The same date, the Court issued an order with the same information, observing that "[c]orporations and other unincorporated associations must appear in court through an attorney." (Doc. 24 at 1, quoting *D–Beam Ltd. P' ship v. Roller Derby Skates, Inc*., 366 F.3d 972, 973–74 (9th Cir.2004)). Thus, the Court ordered HS Brothers Express, Inc. to "secure the services of an attorney," and file a notice of appearance within thirty days. (Doc. 24 at 1) In addition, HS Brothers Express, Inc., was ordered to respond to the complaint within

thirty days, through counsel, within sixty days. (*Id.* at 2) HS Brothers Express was "advised that its failure to comply with this order will result in the recommendation that default be entered against it." (*Id.*, emphasis omitted) Despite this warning, Defendant has not complied with or otherwise responded to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, HS Brothers Express, Inc. is **ORDERED** to show cause within twenty-one days why terminating sanctions should not be imposed and default not be entered, for failure to follow the Court's order. In the alternative, counsel for HS Brothers Express, Inc. may file a notice of appearance and a pleading responsive to the complaint.

**<u>HS Brothers, Inc. is advised that its failure to comply with this order will result in a recommendation that it be found to be in default.</u>**

IT IS SO ORDERED.

Dated: **October 28, 2019**         **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE