# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GULBAG SINGH RATTE, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-0739 LJO JLT<br><br>FINDINGS AND RECOMMENDATION TO STRIKE THE ANSWER AND ENTER DEFAULT |

United Financial Casualty Company seeks declaratory relief against the defendants, asserting it does not have a duty to indemnify defendants HS Brothers Express, Inc.; Harjit Singh; or Harpreet Singh in an action filed in state court related to an accident. (*See* Doc. 1) HS Brothers has failed to appear with through counsel, despite the information provided to Harjit Singh—who identifies himself as the "sole owner"— and has failed to comply with the Court's orders. As set forth below, the Court recommends the Answer filed by Harjit Singh to the extent it was filed on behalf of HS Brothers Express, be **STRICKEN** and default be entered against HS Brothers Express.

**I.    Relevant Background**

Plaintiff initiated this action by filing a complaint for declaratory relief on May 23, 2019. (Doc. 1) Defendant Gulbag Singh Ratte filed an answer to the complaint on July 10, 2019. (Doc. 11) Defendant Harjit Singh filed an answer on July 29, 2019, indicating that he was answering as the "sole

1

owner of H S Brothers Express." (Doc. 14)

On August 19, 2019, the Court held a scheduling conference with the parties. (Doc. 25) Defendant Harjit Singh appeared in pro per. (*See id*. at 25) At that time, the Court explained an entity such as HS Brothers Express must be represented by counsel. The same date, the Court issued an order to HS Brothers Express to appear in the action through counsel. (Doc. 24) The Court ordered HS Brothers Express to secure the services of an attorney within thirty days of the date of service, and to respond to the complaint within sixty days of the date of service. (*Id.* at 1-2) Further, HS Brothers Express was " advised that its failure to comply with this order will result in the recommendation that default be entered against it." (*Id.* at 2, emphasis omitted) HS Brothers Express failed to comply with or otherwise respond to the Court's order.

On October 29, 2019, the Court issued an order to HS Brothers Express to show cause in writing why terminating sanctions should not be imposed and default not be entered for failure to comply with the Court's order. (Doc. 27) In the alternative, HS Brothers Express was ordered to file a notice of appearance and a pleading responsive to the complaint within twenty-one days. (*Id.* at 2) Again, HS Brothers Express was warned that failure to comply with the Court's order would "result in a recommendation that it be found to be in default." (*Id.*) To date, HS Brothers Express has not responded to the Court's orders.

## II. Failure Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose terminating sanctions for a party's failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same).

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d

1091, 1097 (9th Cir. 2007). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Id.* at 1096; *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith").

### III. Discussion and Analysis

The Ninth Circuit has identified five factors that a court must consider when issuing terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 186); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

#### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). HS Brothers Express has been advised several times by the Court that counsel is required to represent the entity, and was ordered to appear with counsel. (*See* Docs. 24, 25, 27) This Court cannot, and will not hold, this case in abeyance for the defendant's failure to comply with the Court's order and to defend in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing parties are obligated "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of terminating sanctions.

#### B. Prejudice to Plaintiff

Significantly, a presumption of prejudice arises when a party unreasonably an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit determined prejudice was

3

"palpable" where a party failed to comply with the Court's order. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Accordingly, the Court finds this factor weighs in favor of the issuance of terminating sanctions.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enter.,* F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, a party "can hardly be surprised" by terminating sanctions "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

On August 19, 2019, the Court informed HS Brothers Express that "**its failure to comply with [the] order will result in the recommendation that default be entered against it**." (Doc. 24 at 2, emphasis in original) Again, on October 29, 2019, HS Brothers Express was informed that the Court may issue terminating sanctions for failure to comply with the its orders. (Doc. 27 at 2, citing e.g., *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130) In addition, the defendant was informed "**its failure to comply with this order will result in a recommendation that it be found to be in default**." (*Id.*, emphasis in original). Notably, the Court need only warn a party once that terminating sanctions may be imposed to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Thus, the warnings to Mr. HS Brothers Express satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of terminating sanctions. *See Ferdik*, 963 F.2d at 1262.

### D. Public policy

Given the willful failure by HS Brothers Express to comply with the Court's orders, the prejudice suffered by Plaintiff, and the warnings issued, the policy favoring disposition of cases on their merits is outweighed by the factors favoring dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS**:

1. The Answer filed by Harjit Singh, to the extent it was filed on behalf of HS Brothers Express, Inc. (Doc. 14) be **STRICKEN**; and
2. Default be entered against HS Brothers Express, Inc.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **December 2, 2019**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE