UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GULBAG SINGH RATTE; H S BROTHERS EXPRESS, INC.; HARJIT SINGH; AND HARPREET SINGH,<br><br>Defendants. | No. 1:19−CV−00739−NONE−JLT<br><br><u>ORDER DECLINING TO APPROVE STIPULATION TO LIMITED CONSENT TO MAGISTRATE JUDGE JURISDICTION FOR PURPOSES HEARING AND DECIDING MOTION FOR SUMMARY JUDGMENT ONLY</u><br><br>(Doc. No. 35) |

On February 21, 2020, the parties to the above-captioned action filed a stipulation indicating their consent to have the assigned magistrate judge hear and decide a soon-to-be filed motion for summary judgment. (Doc. No. 35.) However, the parties have not yet consented to the magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

While the court appreciates the parties' willingness to ease court congestion, it declines to approve and accept their stipulation for limited consent to magistrate judge jurisdiction because the proposal does not appear to advance the interests of judicial efficiency. It is normally most efficient for the judge[1] who hears and decides any dispositive motions, especially summary

---

[1] Although this case has been "unassigned" and therefore does not formally have a district judge assigned to the matter, unless and until new judges are appointed and confirmed to this bench, the undersigned will be presiding over any dispositive motion or trial set in ths case.

1

judgment motions, to also preside over the trial of the action.  This is because, in the undersigned's experience, legal and factual issues raised in such motions frequently come up again at, before, or immediately after trial.  This seems particularly likely in a case such as this one, which is set for a bench trial.

Accordingly, the court declines to accept the parties' proposed limited consent to magistrate judge jurisdiction for purposes of ruling on the anticipated motion for summary judgment only.  This decision is without prejudice to the parties making a specific showing of good cause as to why they believe limited consent to magistrate judge jurisdiction for purposes of a particular motion should be accepted in their case.  Of course, the parties are also quite welcome to consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) for <u>all</u> purposes including trial and entry of judgment.  Such consent to magistrate judge jurisdiction would change the judicial efficiency calculus laid out above and would almost certainly be approved and accepted.

IT IS SO ORDERED.

Dated: **March 11, 2020**

UNITED STATES DISTRICT JUDGE